UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| THE OHIO BELL TELEPHONE COMPANY, | : : : | CASE NO. 1:21-cv-00635 |
| | : | OPINION & ORDER |
| Plaintiff, | : : | [Resolving Docs. 15 & 16] |
| v. | : : | |
| LOCAL 4340, COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, | : : : : | |
| Defendant. | | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this case, the Ohio Bell Telephone Company ("Ohio Bell") seeks to vacate a collective bargaining agreement arbitration award that found Ohio Bell did not have just cause to fire a long-term field service employee. The employee, Daniel Fortney, had a long and incident-free employment but was involved in a fatal accident when Fortney's truck struck a pedestrian mother and child alongside the road Fortney was travelling.

The Defendant Union seeks to confirm the arbitration award reinstating Daniel Fortney's employment.

This Court's review of arbitration awards is limited. Finding none of the justifications that would allow a federal court to overturn the arbitration award, the Court confirms the award.

I.  **Background**

Case No. 1:21-cv-00635
GWIN, J.

On September 25, 2017, Ohio Bell Customer Service Specialist Daniel Fortney was involved in a fatal automobile accident.[1] Fortney's Ohio Bell service vehicle struck and killed a child and injured the child's mother.[2] At the time of the accident, Fortney was not impaired, was travelling near the speed limit and had not been texting.[3]

Police investigated the accident. Fortney was initially charged with vehicular homicide.[4] Fortney later pled guilty to a lesser third-degree misdemeanor charge under Ohio R.C. § 4511.20.[5] He received a 60-day jail sentence.[6]

After Fortney served the sentence, Ohio Bell fired Fortney on November 25, 2019.[7]

Representing Fortney, Local 4340, Communications Workers of America, AFL-CIO ("the Union") filed a grievance that eventually went to arbitration. With the grievance, the Union argued that Fortney's termination violated the Union's collective bargaining agreement because Fortney was fired without just cause.[8]

After a hearing, the arbitrator held that Ohio Bell terminated Fortney without just cause but determined that a 60-day suspension was nonetheless appropriate. The arbitrator ordered Ohio Bell reinstate Fortney and otherwise make him whole.[9]

Relevant to this case, the arbitrator rejected Ohio Bell's argument that Fortney's guilty plea was preclusive in the arbitral forum.[10] And in some support for that conclusion, the arbitrator cited a letter written by the presiding state judge to Fortney's Ohio National

---

[1] Doc. 14-2 at 531.
[2] Doc. 14-1 at 8.
[3] Doc. 14-8 at 2.
[4] Doc. 14-3 at 35.
[5] *Id.*.
[6] Doc. 14-3 at 42.
[7] Doc. 14-2 at 531.
[8] Doc. 14-8 at 3. Under the collective bargaining agreement, "The Company agrees that it will act with just cause in takin any disciplinary action including dismissal, suspension or demotion of any employee." Doc. 14-2 at 25.
[9] *Id.* at 36.
[10] *Id.* at 28–29.

Case No. 1:21-cv-00635
GWIN, J.

Guard commander.[11] The state court judge told the National Guard commander that the negotiated plea was unsupported but was Fortney's effort to satisfy the victim's family.[12] The arbitrator also relied on character references related to Fortney's prior military service that were created after Ohio Bell terminated him.[13]

In this action, Ohio Bell seeks to vacate the award. The Union seeks an order confirming the award. The Union also seeks prejudgment interest.

## II. Discussion

Federal court review of arbitration awards is limited.[14] The Supreme Court has long recognized that "[t]he federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards."[15]

In particular, federal courts find that arbitrators have considerable discretion to determine just cause for dismissals. In *Hartco Flooring Co. v. United Paperworkers of Am., Loc. 14597*,[16] the Sixth Circuit said that it had "no authority to second guess" an arbitrator's determination that an employee involved in a forklift accident was discharged without just cause.[17] More recently, the Sixth Circuit again declined to disturb an arbitration award finding that an employer "lacked just cause to terminate [an employee] based entirely on [the employee's] positive drug test."[18]

---

[11] *Id.* at 29; *see also* Doc. 14-5 at 8 (full letter).
[12] *Id.*
[13] Doc. 14-8 at 30.
[14] *See Manville v. Int'l Bhd. of Teamsters, Loc. 20*, 784 F. App'x 425, 428 (6th Cir. 2019) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)) (describing the court's role as "very limited" [ . . . ] when the losing party seeks judicial review of an arbitration decision pursuant to a labor-arbitration agreement.).
[15] *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987) (citations omitted).
[16] 192 F. App'x 389 (6th Cir. 2006).
[17] *Id.* at 389 (quoting *Bruce Hardwood Floors v. S. Council of Indus. Workers*, 8 F.3d 1104, 1108 (6th Cir.1993)).
[18] *Titan Tire Corp. of Bryan v. United Steelworkers of Am., Loc. 890L*, 656 F.3d 368, 374 (6th Cir. 2011).

- 3 -

Case No. 1:21-cv-00635
GWIN, J.

It is against this background that Ohio Bell argues that there are three different grounds which allow the Court to overturn the arbitration award. Ohio Bell says that the Court can overturn the award because the arbitrator acted in "manifest disregard of the law."[19] Separately, Ohio Bell says that the Court can overturn the award because the award did not "draw[] its essence from the collective bargaining agreement" and the arbitrator imposed his "own brand of industrial justice."[20] And, Ohio Bell says the award is unenforceable because it "is contrary to public policy."[21]

### A. Manifest Disregard of the Law

For the Court to find that the arbitrator manifestly disregarded the law, "[a] mere error in interpretation or application of the law is insufficient. Rather, the decision must fly in the face of clearly established legal precedent."[22] To meet that standard, Ohio Bell must show: "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle."[23]

Ohio Bell says that the arbitrator manifestly disregarded the law by "ignoring the collateral effect of Fortney's guilty plea."[24] In Ohio Bell's view, the plea establishes that Fortney recklessly operated the vehicle and therefore that it had just cause to terminate his employment.

Ohio Bell's position regarding the plea's impact contradicts well-established Ohio law. Dating back to the Ohio Supreme Court's 1839 decision in *Clark v. Irvin*,[25] Ohio courts

---

[19] *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 330 F.3d 843, 845 (6th Cir. 2003) (citations omitted).
[20] *Misco, Inc.*, 484 U.S. at 36 (citations omitted).
[21] *W.R. Grace & Co. v. Loc. Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 461 U.S. 757, 766 (1983).
[22] *Gibbens v. OptumRx, Inc.*, 778 F. App'x 390, 393 (6th Cir. 2019) (citations omitted).
[23] *Id.*
[24] Doc. 16 at 15.
[25] 1839 WL 35, at *1 (Ohio 1839) ("Neither a plea of guilty in a criminal prosecution, nor the judgment founded upon it, are conclusive against the defendant in a civil action.").

- 4 -

Case No. 1:21-cv-00635
GWIN, J.

have determined that: "In Ohio, [even] guilty pleas are not generally given preclusive effects in subsequent civil actions."[26]

The criminal cases Ohio Bell cites do not supplant this Ohio rule. For example, while certain statements from the Supreme Court's decision in *United States v. Broce*[27] may appear to support Ohio Bell's position, that case was decided in the specific posture of a criminal defendant's collateral attack of his guilty plea.[28] Given the differences between the nature of criminal and civil law, Ohio Bell's argument that the arbitrator defied legal precedent by failing to extend such criminal law cases in the civil preclusion context misses the mark.

More importantly, Fortney's criminal conviction does not, itself, necessarily establish just cause for firing. In judging the just cause standard, the arbitrator was free to give the criminal conviction the weight he deemed appropriate. The Third Circuit's decision in *Loc. 863 Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Jersey Coast Egg Producers, Inc.*[29] makes this point clear. In that case, the Court said that even if a criminal conviction had preclusive effect in arbitration, "it remains within the arbitrator's purview to interpret the impact of such a finding in the context of the [just cause standard]."[30]

And a recent Sixth Circuit case upholding an arbitration award that reinstated an employee who served a thirty-day jail sentence for felony battery underscores a similar

---

[26] *State ex rel. Welsh Enterprises, Inc. v. Indus. Comm'n*, 154 N.E.3d 505, 513–14 (Ohio Ct. App. 2020) (alteration in original) (collecting sources). Ohio Bell's observation that the *Welsh Enterprises* facts are distinguishable from the facts at issue here is misplaced. Doc. 20 at 5. The *Welsh Enterprises* decision is dispositive here not because of its specific holding but because it articulated a rule of law that is in direct conflict with the rule that Ohio Bell says applies.
[27] 488 U.S. 563 (1989).
[28] *Id.* at 565.
[29] 773 F.2d 530 (3d Cir. 1985).
[30] *Id.* at 534.

- 5 -

Case No. 1:21-cv-00635
GWIN, J.

point.[31] The Sixth Circuit did not suggest that the criminal conviction could be conclusive regarding whether the employer had just cause to fire the employee. To the contrary, that court found the arbitrator could consider the grievant's testimony explaining the felony circumstances.[32]

Since Ohio Bell points to no law establishing that a criminal conviction conclusively gives an employer just cause to terminate an employee, its claim that the award manifestly violated the law fails.

### B. Essence from the Collective Bargaining Agreement

Federal court review of an arbitrator's interpretation of contract terms is especially deferential.[33] While an award must draw its essence from the contract, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision."[34]

Ohio Bell argues that the just cause standard only allows a review of the grounds available to the employer at the time of termination. Ohio Bell says that because the arbitrator considered materials both unrelated to the dismissal and not available to Ohio Bell at the time of the dismissal, the arbitrator exceeded his authority in interpreting the collective bargaining agreement. But again, Ohio Bell fails to show that the arbitrator made an error, let alone a sufficiently serious one to vacate the award.

Ohio Bell's reliance on the Supreme Court's *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.* decision ultimately undermines its own argument. That case does not

---

[31] *Zeon Chemicals, L.P. v. United Food & Com. Workers, Loc. 72D*, 949 F.3d 980 (6th Cir. 2020).
[32] *Id.* at 984.
[33] *See Zeon Chemicals, L.P. v. United Food & Com. Workers, Loc. 72D*, 949 F.3d 980, 982 (6th Cir. 2020).
[34] *Misco, Inc.*, 484 U.S. at 38.

- 6 -

Case No. 1:21-cv-00635
GWIN, J.

establish a rule that when evaluating just cause, arbitrators must consider only information known to the employer at the time of the discharge. In fact, the Court's opinion says just the opposite, noting that such evidentiary determinations "are to be left to the arbitrator."[35]

And the Fifth Circuit decision in *Gulf Coast Indus. Workers Union v. Exxon Co., U.S.A.*[36] also does not help Ohio Bell. It is true that the *Exxon* court overturned an arbitration award where the arbitrator relied on post-discharge facts.[37] But the *Exxon* court also endorsed a Third Circuit decision that upheld an arbitration decision where "the arbitrator considered only later-discovered evidence which established the situation at the time of discharge," as opposed to "evidence of later changes in the situation."[38] Applied here, that rule would allow the arbitrator to consider the two principal documents that Ohio Bell says should have been excluded: the judge's letter about the state proceedings and Fortney's military-related character references. Accordingly, the Fifth Circuit case does not establish that the arbitrator's decision was in error.

Again, it bears emphasizing the just cause standard. The collective bargaining agreement limited Ohio Bell's ability to fire Fortney to situations with just cause. Fortney's vehicle operation could provide evidence of just cause. But even reckless operation is not, itself, the same as just cause under the collective bargaining agreement. By their collective bargaining agreement, the Ohio Bell and the Union left to the arbitrator the judgement call

---

[35] *Id.* at 40; *see also Interstate Brands, Corp. Butternut Bread Div. v. Chauffeurs, Teamsters, Warehousemen & Helpers Loc. Union No. 135*, 909 F.2d 885, 894 (6th Cir. 1990) ("It is clear from *Misco* that this Court may not review an arbitrator's judgment on procedural issues, such as the question of whether to admit evidence of later convictions, which grow out of the dispute and bear on its final disposition.").
[36] 991 F.2d 244 (5th Cir. 1993).
[37] *Id.* at 255–57.
[38] *Id.* at 256 (citing *Mobil Oil Corp. v. Independent Oil Workers Union*, 679 F.2d 299 (3d Cir.1982)).

Case No. 1:21-cv-00635
GWIN, J.

of what is just cause. Or as other courts have put it, "the parties 'bargained for an arbitrator's interpretation of the contract, not a federal judge's.'"[39]

### C. Public Policy

Ohio Bell's final argument that the award violates public policy also fails. The Supreme Court's *Eastern Associated Coal Corp. v. United Mine Workers of Am., Dist. 17*[40] sets a high bar for Ohio Bell.[41] And even if Ohio Bell is correct that this Court could overturn the award based on Ohio's policy of protecting the public, it has not demonstrated that Fortney's reinstatement after a single accident would violate that public policy. Further, like the award in *Eastern Associated Coal Corp,* Fortney's 60-day suspension "does not condone" his conduct.[42]

### D. Prejudgment Interest

In a counterclaim, the Union seeks to confirm the award and for the Court to order prejudgment interest in its favor.[43] Awarding prejudgment interest is in the Court's discretion.[44] Finding that Ohio Bell's filing of this action deprived Fortney of income, the Court awards the Union prejudgment interest from January 21, 2021—the date of the award—until the date of judgment at the rate pursuant to Ohio Rev. Code § 1343.03(A).

### III. Conclusion

---

[39] *Zeon Chemicals*, 949 F.3d at 983.
[40] 531 U.S. 57 (2000).
[41] *Id.* at 63 ("[T]he public policy exception is narrow.").
[42] *Id.* at 65.
[43] Doc. 15 at 20.
[44] *See Int'l Bhd. of Elec. Workers, Loc. 58, AFL-CIO v. Metro Elec. Eng'g Techs.*, Inc., 880 F. Supp. 2d 770, 777 (E.D. Mich. 2012) (citing *Bricklayer's Pension Trust Fund v. Taiariol*, 671 F.2d 988, 989 (6th Cir.1982)); *see also Ohio & Vicinity Reg'l Council of Carpenters v. Precision Flooring, Inc. of Nw. Ohio*, No. 3:04CV7025, 2004 WL 1618568, at *5 (N.D. Ohio July 20, 2004).

Case No. 1:21-cv-00635
GWIN, J.

For these reasons, the Court DENIES Plaintiff's motion to vacate the arbitration award and GRANTS Defendant's motion to confirm the award. Defendant is awarded prejudgment interest.

IT IS SO ORDERED.

Dated: November 17, 2021           *s/    James S. Gwin*
                                                                             JAMES S. GWIN
                                                                             UNITED STATES DISTRICT JUDGE